J-A19004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DISKRITER, INC., A PENNSYLVANIA CORPORATION AND JOANSVILLE HOLDINGS, INC., A NEW JERSEY CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RANDY A. BAKER, AN INDIVIDUAL AND KEYSTROKES TRANSCRIPTION SERVICE, INC., AN ILLINOIS CORPORATION, | |
| Appellees | No. 524 WDA 2013 |

Appeal from the Order Entered March 14, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 12-14952

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 1, 2014**

Appellants, Diskriter Inc. (Diskriter) and Joansville Holdings, Inc. (Joansville), appeal from the order entered in favor of Appellees, Randy A. Baker (Baker) and Keystrokes Transcription Service, Inc. (Keystrokes) in this case.  The order denied Diskriter and Joansville permanent injunctive relief, which sought to end Baker's employment at Keystrokes and prevent Baker from soliciting any of Diskriter's customers.  Appellants allege the trial court erred in finding that the noncompetition agreement they brought suit to

_____

[*] Former Justice specially assigned to the Superior Court.

enforce was superseded by a subsequent agreement. After careful review, we affirm.

The facts adduced in the trial court are as follows. Joansville acquired Diskriter pursuant to a stock purchase agreement (SPA) on May 7, 2010.[1] A "Confidentiality, Non-Solicitation, and Noncompetition Agreement" (SPA noncompete) was executed in conjunction with the SPA. Baker, the former President and Chief Executive Officer of Diskriter, was a party to an employment agreement with Diskriter. Following execution of the SPA and the SPA noncompete, Baker executed an agreement terminating his existing employment agreement with Diskriter. He then entered into a new employment agreement (new employment agreement) with Diskriter. This new employment agreement contained noncompetition and nonsolicitation covenants, as well as an integration clause that stated, "[t]his Agreement constitutes the entire agreement between the parties related to the subject matter hereof, and supersedes all prior agreements or understandings pertaining to the subject matter hereof …." Trial Court Opinion (TCO) at 5 (citing new employment agreement).

Some time later, Baker's employment at Diskriter ended, and he began employment at Keystrokes. In that capacity, he successfully solicited work from one of Diskriter's clients. Diskriter and Joansville brought suit

_____

[1] At that time, the entirety of Diskriter's stock was owned by Diskriter Holding Company, Inc. (DHC).

against Baker and Keystrokes, alleging that Baker was in violation of the SPA noncompete. Appellants have not alleged in this case that Baker was in violation of the new employment agreement.

The trial court held an evidentiary hearing on February 1, 2013. On March 14, 2013, the trial court entered an order denying Appellants injunctive relief. Appellants filed a timely notice of appeal, and a timely R.A.P. 1925(b) concise statement of errors complained of on appeal. They now present the following issues for our review:

1. Whether the [t]rial [c]ourt erred in holding that Appellants "have failed to prove a clear right to relief, and as such permanent injunctive relief cannot be granted"?

2. Whether the [t]rial [c]ourt erred in holding that if the "[Five-year] SPA Non-compete had bound Baker, it would be an agreement between Baker and Diskriter/Joansville?"

3. Whether the [t]rial [c]ourt erred in holding that the five-year covenant not to compete that was implemented as part of the purchase of Diskriter, Inc. fell withing the same "subject matter" as the two-year covenant not to compete that was part of [] Baker's Employment Agreement, and therefore, whether the two-year covenant not to compete superseded the five-year covenant not to compete?

Appellants' brief at 4.

"To prevail in a claim for a permanent injunction, the plaintiff must prove a 'clear right to relief.'" **Wellspan Health v. Bayliss**, 869 A.2d 900, 995 (Pa. Super. 2005). Our standard of review on appeal in cases involving permanent injunctions is limited to whether the court committed an error of law in denying the injunction. **Buffalo Township v. James**, 813 A.2d 659, 664 n. 4 (Pa. 2002). Moreover, in cases tried without a jury, our review is

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Anderson v. Litke Family Ltd. Partnership*, 748 A.2d 737, 739 (Pa. Super. 2002).

Here, the trial court reviewed the text of the agreements at issue, and heard testimony regarding the drafting of the agreements. At the close of testimony, the trial court found that the new employment agreement, through its integration clause, superseded any prior agreements between Baker and Appellants regarding noncompetition and nonsolicitation. Consequently, the trial court found that Appellants had failed to establish a clear right to injunctive relief pursuant to the SPA noncompete.

Appellants now ask us to re-visit the trial court's findings of fact, alleging that the trial court misinterpreted the text of the agreements with regard to certain terms such as "[a]ffiliate" and "subject matter." Thus, Appellants claim that the new employment agreement did not supersede the SPA noncompete, and that the SPA noncompete remains enforceable against Baker.

We note that the plain language of the new employment agreement states that it "supersedes all prior agreements or understandings pertaining to the subject matter hereof." TCO at 5 (citing new employment agreement).

Moreover, the new employment agreement contains noncompetition and nonsolicitation covenants. Therefore, the trial court's finding that the SPA noncompete was superseded by the new employment agreement is supported by the record. Given our standard of review, we may not disturb the findings of the trial court in the instant case because they are supported by the evidence of record. Accordingly, we conclude that the trial court did not commit an error of law determining that Appellants failed to demonstrate a clear right to relief.

Order affirmed.

Olson, J., concurs in the result.

Fitzgerald, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2014